1  Michele R. Stafford, Esq. (SBN 172509)
   Blake E. Williams, Esq. (SBN 233158)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mstafford@sjlawcorp.com
5  bwilliams@sjlawcorp.com

6  Attorneys for Plaintiffs

7

8

9
                      UNITED STATES DISTRICT COURT
10
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12 | BAY AREA PAINTERS AND TAPERS         | Case No.: C11-1725 CW
   | PENSION TRUST FUND, and its JOINT    |
13 | BOARD OF TRUSTEES; LES PROTEAU and   | **JUDGMENT PURSUANT TO**
   | CHARLES DEL MONTE, TRUSTEES;         | **STIPULATION**
14 |                                      |
   | DISTRICT COUNCIL 16 NORTHERN         |
15 | CALIFORNIA HEALTH AND WELFARE        |
   | TRUST FUND, and its JOINT BOARD OF   |
16 | TRUSTEES; DOUG CHRISTOPHER and       |
   | JOHN MAGGIORE, TRUSTEES;             |
17 |                                      |
   | DISTRICT COUNCIL 16 NORTHERN         |
18 | CALIFORNIA JOURNEYMAN &               |
   | APPRENTICE TRAINING TRUST FUND,      |
19 | and its JOINT BOARD OF TRUSTEES;     |
   | DOUG CHRISTOPHER and MARIAN          |
20 | BOURBOULIS, TRUSTEES;                |

21 and DISTRICT COUNCIL 16 OF THE
   INTERNATIONAL UNION OF PAINTERS
22 AND ALLIED TRADES,

23     Plaintiffs,

24         v.

25 MASTERPIECE PAINTING, INC., a
   California Corporation; TERRENCE
26 ALFONSO JOHNSON, Individually and *dba*
   MASTERPIECE PAINTING,
27
       Defendants.
28

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendants MASTERPIECE PAINTING, INC., a California Corporation; TERRENCE ALFONSO JOHNSON, Individually and *dba* MASTERPIECE PAINTING, and/or alter egos and/or successor entities ("Defendants"), as follows:

1. Defendants entered into a valid Collective Bargaining Agreement with the District Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining Agreement"). This Bargaining Agreement has continued in full force and effect to the present time.

2. Defendants have become indebted to the Trust Funds as follows:

| | | | |
|---|---|---|---|
| Audit (6/1/07-5/31/10) | Contributions | $7,136.76 | |
| | 20% Liquidated Damages | $1,427.35 | |
| | Interest (to 9/30/10) | $655.15 | |
| | | | $9,219.26 |
| 5% p/a Interest on Audit (10/1/10-6/2/11) | | | $240.50 |
| 1/11 | Contribution balance | $4,141.24 | |
| | 20% Liquidated damages | $1,190.05 | |
| | 5% p/a interest (to 6/2/11) | $53.33 | |
| | | | $5,384.62 |
| 2/11 | Contributions | $350.98 | |
| | Liquidated damages | $150.00 | |
| | 5% p/a interest (to 6/2/11) | $3.03 | |
| | | | $504.01 |
| Attorneys' fees (12/2/10 – 6/2/11) | | | $4,034.50 |
| Cost of filing suit | | | $350.00 |
| **TOTAL** | | | **$19,732.89** |

3. Defendants shall *conditionally* pay the amount of **$16,965.49**, representing all above amounts, less liquidated damages in the amount of **$2,767.40**. *This conditional waiver is expressly conditioned upon Trustee approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on August 15, 2011, and on or before the 15th day of each month thereafter, for a period of twelve (12) months, through July 15, 2012, Defendants shall pay to Plaintiffs the amount of **$1,650.00** per month.

- 2 -

**JUDGMENT PURSUANT TO STIPULATION**
P:/Clients/PATCL/Masterpiece Painting/Pleadings/Judgment Pursuant to Stipulation 060211.doc

(b)     Payments may be made by joint check, to be endorsed to Plaintiffs prior to submission. Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

(c)     Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest from June 3, 2011, at the rate of 5% per annum in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

(d)     Checks shall be made payable to the *Bay Area Painters and Tapers Trust Funds*, and delivered on or before each due date to <u>Blake E. Williams at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs.

(e)     At the time that Defendants make their last (July 15, 2012) monthly payment under the terms of this Stipulation, Defendants may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman & Johnson Law Corporation with that payment.  Plaintiffs shall notify Defendants in writing as to the status of the waiver conditioned on timely payments pursuant to ¶3(a) above, timely payment of contributions pursuant to ¶5 below, as well as additional attorneys' fees and costs incurred as provided in ¶9 herein.  Plaintiffs shall further notify Defendants in writing as to the final amounts due.  Any additional amounts due pursuant to the provisions hereunder hall be paid in full with the final stipulated payment on July 15, 2011.

(f)     Failure to comply with any of the above terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply.

4.     In the event that any check is not timely submitted or fails to clear the bank, or is unable to be negotiated for any reason for which Defendants are responsible, Defendants shall be considered to be in default of the Judgment entered.  If this occurs, Plaintiffs shall make a written demand to Defendants to cure said default *within seven (7) days of the date of the notice from Plaintiffs*.  If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day

cure period.  If Defendants elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check.*  In the event default is not cured, all amounts remaining due hereunder shall be due and payable on demand by Plaintiffs.

  5. Beginning with contributions due for hours worked by Defendants' employees during the month of May 2011, due on June 15, 2011 and delinquent if not received by the Trust Funds before the last business day of the month, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in contributions due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended.  Defendants shall fax a copy of its contribution report for each month, together with a copy of that payment check, to Blake E. Williams at 415-882 9287, prior to sending the payment to the Trust Fund office.  To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports must be faxed to Blake E. Williams concurrently with their submission to the general contractor, owner or other reporting agency.

  Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 10 shall apply.

  6. Defendants shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if it is a public works job. To the extent that Defendants are working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Blake E. Williams concurrently with their submission to the General Contractor, Owner or other reporting agency.

  These requirements are concurrent with, and in addition to the requirements set forth above with regard to progress payments. Defendants shall fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶5 of this Stipulation) to Blake E. Williams at 415-882-9287. Attached hereto as *Exhibit A* is a Job Report

Form which is to be completed each month.

7. Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶10 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the contributions, pursuant to the Trust Agreements, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

8. TERRENCE ALFONSO JOHNSON acknowledges that he is the Sole Owner and is doing business as Masterpiece Painting and the President/CEO/RMO of Masterpiece Painting, Inc. Terrence Alfonso Johnson specifically consents to the Court's jurisdiction as well as the use of a Magistrate Judge for all proceedings herein. Terrence Alfonso Johnson also confirms that he is personally guaranteeing all amounts to be paid in connection with Stipulation, and further acknowledges that any and all successors in interest to Masterpiece Painting and Masterpiece Painting, Inc., as well as any assigns, and/or affiliated entities and purchasers, shall be contractually bound by the terms of this Stipulation. This shall include any additional entities in which Terrence Alfonso Johnson is an officer, owner or possesses any ownership interest. All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase.

9. Prior to the last payment pursuant to this Judgment Pursuant to Stipulation, Plaintiffs shall advise Defendants, in writing, as to the final lump sum amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation regardless of whether or not Defendants default herein. Any additional amounts due pursuant to the provisions

hereunder shall also be paid in full with the July 15, 2012 stipulated payment.

10. In the event that Defendants fail to make any payment required under ¶3 above, or fails to remain current in any contributions under ¶5 above or fails to timely provide the monthly documents required by ¶¶5 and 6 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$19,732.89**, as specified in ¶2, plus interest, but reduced by principal payments received from Defendants/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 5% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendants/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantor and the balance due and owing as of the date of default**.**

(c) Defendants/Guarantors waive any notice of Entry of Judgment or of any Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendants/Guarantors.

(d) Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants/Guarantors to Plaintiffs under this Stipulation, whether or not a default occurs herein.

11. Any failure on the part of the Plaintiffs to take any action against Defendants/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantor of any provisions herein.

12. In the event of the filing of a bankruptcy petition by the Defendants/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendants/Guarantor nevertheless represent that no bankruptcy filing is anticipated.

13. Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendants/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants/Guarantor and all of their control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

15. This Stipulation contains all of the terms agreed by the parties and no other agreements have been made.  Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

16. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

17. Defendants/Guarantor represent and warrant that they have had the opportunity to be or has been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Agreement with care and is fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

18.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: July 6, 2011                         **MASTERPIECE PAINTING, INC.**

                                            By: _____/s/_____
                                            Terrence Alfonso Johnson, its President/CEO/RMO

Dated: July 6, 2011                         **TERRENCE ALFONSO JOHNSON, dba MASTERPIECE PAINTING**

                                            By: _____/s/_____
                                            Terrence Alfonso Johnson, Sole Owner

Dated: July 6, 2011                         **TERRENCE ALFONSO JOHNSON**

                                            By: _____/s/_____
                                            Individually, as Personal Guarantor

Dated: July 6, 2011                         **SALTZMAN AND JOHNSON LAW CORPORATION**

                                            By: _____/s/_____
                                            Blake E. Williams
                                            Attorneys for Plaintiffs
                                            Bay Area Painters & Tapers Trust Funds

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: __**July 12**_____, 2011         _____[signature]_____
                                            UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

## JUDGMENT PURSUANT TO STIPULATION

### JOB REPORT FORM

*** Updated report must be faxed to Blake E. Williams, Esq., at (415) 882-9287 on the **15**th day of each month ***

**Employer Name: MASTERPIECE PAINTING, INC.; MASTERPIECE PAINTING**

Report for the month of _____   Submitted by: _____

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

| | |
|---|---|
| Project Name: | |
| Project Address: | |
| General Contractor: | |
| General Contractor Address/Tel. #: | |
| Contract #: | Date of Contract: |
| Total Value of Contract: | |
| Work Start Date: | Work Completion Date: |

*** Attach additional sheets as necessary ***

1

**JUDGMENT PURSUANT TO STIPULATION**
P:/Clients/PATCL/Masterpiece Painting/Pleadings/Judgment Pursuant to Stipulation 060211.doc